# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHELE JINKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC.,<br><br>*Defendant*. | Case No. 4:25-CV-01277-ALM |
| CHRISTOPHER RAUCCI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC.,<br><br>*Defendant*. | Case No. 4:25-CV-01280-ALM |
| SALLY SIMMERING, individually and on behalf all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>NORWAY SAVINGS BANK and MARQUIS SOFTWARE SOLUTIONS, INC.,<br><br>*Defendants*. | Case No. 4:25-CV-01281-ALM |
| LARRY DOMENICHELLO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC.,<br><br>*Defendant*. | Case No.4:25-cv-01285-ALM |

1

| | |
|---|---|
| DANIEL HART, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAR SAVINGS BANK,<br><br>*Defendants*. | Case No. 4:25-CV-01285-MJT |
| DAVID ROBINSON SR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAY SAVINGS BANK,<br><br>*Defendants*. | Case No. 4:25-CV-01306-JCB |
| JOSHUA GEOFFREY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAY SAVINGS BANK,<br><br>*Defendants*. | CCasaeseNNo.o4. :25-cv-01311-ALM |
| TRACY CUSICK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAY SAVINGS BANK,<br><br>*Defendants*. | Case No. 4:25-cv-01314-ALM |

| | |
|---|---|
| JESSICA BOUTOT, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAY SAVINGS BANK,<br><br>   *Defendants*. | Case No. 4:25-cv-01321-ALM |
| MICHAELA BROWN, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and COVENTAGE CREDIT UNION,<br><br>   *Defendants*. | Case No. 4:25-cv-01322-JDK |
| LAWRENCE SPOHRLEDER, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and NORWAY SAVINGS BANK,<br><br>   *Defendants*. | Case No. 4:25-cv-01323-ALM |
| WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and SUNCOAST CREDIT UNION,<br><br>   *Defendants*. | Case No. 4:25-cv-01328-ALM |

| | |
|---|---|
| CHRISTINA ANSTETT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and SUNCOAST CREDIT UNION,<br><br>*Defendants*. | Case No. 4:25-cv-01334-ALM |
| LEAH ERBAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and GESA CREDIT UNION,<br><br>*Defendants*. | Case No. 4:25-cv-01341-ALM |
| NELLIE RAYMOND, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC. and MAINE STATE CREDIT UNION,<br><br>*Defendants*. | Case No. 4:25-cv-01344-ALM |
| TINA BARONI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARQUIS SOFTWARE SOLUTIONS, INC.,<br><br>*Defendant*. | Case No. 4:25-cv-01359-ALM |

| | |
|---|---|
| SALLY LESTER, individually and on behalf of all others similarly situated, *Plaintiff*, v. MARQUIS SOFTWARE SOLUTIONS, INC., *Defendant*. | Case No.: 4:25-cv-01452-ALM |

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE AND JOIN THE APPOINTMENT OF PROPOSED EXECUTIVE COMMITTEE**

TO THE HONORABLE COURT:

Plaintiff Sally Lester, individually and on behalf of all those similarly situated, move for the following relief pursuant to Fed. R. Civ. P. 23(g)(3) and 42(a): (1) consolidation with the first-filed *Jinks v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM action, as well as any other future actions filed or transferred related actions against Defendants Marquis Software Solutions, Inc. ("Marquis"), Norway Savings Bank, Coventage Credit Union, Suncoast Credit Union, GESA Credit Union, and Maine State Credit Union (collectively "Related Actions") under the new case style: "In re Marquis Software Solutions, Inc. Data Breach Litigation"; and (2) addition of Bruce W. Steckler and Austin P. Smith of Steckler Wayne & Love PLLC to the proposed Executive Committee.

This motion is unopposed and based on supporting authorities, the declarations of Bruce W. Steckler, and Austin P. Smith, and all exhibits attached hereto, all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

Plaintiff respectfully requests that the Court grant this Unopposed Motion to Consolidate and Join the Appointment of Interim Class Counsel and Executive Committee Pursuant to Federal Rule of Civil Procedure 23(g) and 42(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a large and complex data breach class action involving several current Defendants and likely dozens, if not hundreds, more. Plaintiffs seek to hold Defendants, and those later included, liable for their unlawful disclosure of the highly sensitive personally identifiable information ("PII") of their customers or clients' customers in a large and preventable data breach that occurred on or about August 14, 2025 ("Data Breach"). As a result of Defendants' failure to keep Plaintiffs' and the putative class members' PII secure and confidential, over 15 class action lawsuits were filed in the United States District Court for the Eastern District of Texas (the "Related Actions").

On December 9, 2025, Plaintiffs, Michelle Jinks, Christopher Raucci, Larry Domenichello, Daniel Hart, David Robinson Sr., Joshua Geoffrey, Tracy Cusick, Jessica Boutot, Michaela Brown, Lawrence Spohrleder, William Anderson, Christina Anstett, Leah Erban, and Nellie Raymond Plaintiffs move jointly to consolidate the Related Actions against Marquis in the first-filed case *Jinks v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM (Dkt. 6) and proposing the appointment of Mark Lanier of the Lanier Law Firm, Jeff Ostrow of Kopelowitz Ostrow P.A., and Gary Klinger of Milberg PLLC as Interim Co-Lead Class Counsel, and Joe Kendall of Kendall Law Group, PLLC as liaison counsel (collectively "Proposed Interim Class Counsel") as well as an Executive Committee consisting of Raina Borrelli of Strauss Borrelli PLLC, Jonathan Mann of Pittman, Dutton, Hellmus, Bradley & Mann, P.C., Tom Loeser of Cotchett, Pitre & McCarthy, LLP, Paul Doolittle of Poulin Willey Anastopoulo LLC, Leigh

Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Andrew Shamis of Shamis & Gentile P.A., Israel David of Israel David LLC, Mark Reich of Levi & Korsinsky, LLP, Jean Martin of Morgan & Morgan, and Shauna Itri of Seeger Weiss LLP. (the "*Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel").[1]

Plaintiff Lester agrees that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because this case and the Related Actions involve common questions of law or fact insofar as they all name Defendant, arise from the same events, and assert overlapping claims and putative classes.[2] Plaintiff further agrees that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation cost. Plaintiff thus submits that the Court should consolidate this case with the Related Actions into the first-filed action *Jinks v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM.

Since the filing of the underlying actions and subsequent motion to consolidate, Plaintiffs' counsel have continued to meet and confer and now, through their respective counsel of record, hereby request that the Court Plaintiff Lester to join the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel and include the appointment of Bruce W. Steckler and Austin P. Smith of Steckler Wayne & Love PLLC to the Executive Committee ("Proposed Additional Executive Committee Counsel") pursuant to Federal Rule of Civil Procedure 23(g). As noted below, this Motion is unopposed by the Proposed Interim Class Counsel and Executive Committee set forth in the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel.

---

[1] Counsel for the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel had self-organized and prepared their briefing prior to Mr. Steckler's outreach and was, therefore, not included in the *Jinks* Motions. But counsel for the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel does not oppose this filing

[2] Plaintiff is represented by experienced data breach class action attorneys. Counsel's experience is shown through coordinating with all Plaintiffs to make this proceeding more efficient.

All firms representing Plaintiff in this case are accomplished and have breadth of experience and success in leading a variety of complex class actions, including consumer class action and "mega" or high profile cases throughout the country. However, in order to provide the greatest efficiency and maximize the likelihood of a positive result for the putative class here, the Proposed Interim Class Counsel and Executive Committee set forth in the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel have agreed to include the appointment of Bruce W. Steckler and Austin P. Smith of Steckler Wayne & Love PLLC in the proposed leadership structure to accomplish that goal. As a result, the undersigned firms have met and conferred and propose the following leadership structure to efficiently and effectively pursue this litigation on Plaintiffs' behalf.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court has the discretion to designate Interim Class Counsel. Proposed Additional Executive Committee Counsel are collectively well-qualified to represent the putative Class, with substantial experience, including representing consumers in high-profile class actions and similar product-defect cases, and extensive knowledge of the applicable law, and have invested significant time in investigating Plaintiff's claims and communicating with prospective class members. Proposed Additional Executive Committee Counsel are ready, willing, and able to continue to devote the personnel and resources required to zealously prosecute this litigation and represent the Class.

As shown below, Proposed Additional Executive Committee Counsel readily meets the requirements of Federal Rule of Civil Procedure 23(g). Plaintiff Sally Lester therefore respectfully request that this Court consolidate this case with the first-filed *Jinks* case and include Bruce W. Steckler and Austin P. Smith of Steckler Wayne & Love PLLC in the appointment of the Executive Committee with the appointments as set forth in the *Jinks'* Motion to Consolidate and Appointment

of Interim Class Counsel (Dkt. 6) to protect the interests of the Class and promote an efficient adjudication of this and any related case(s) filed in, transferred to, or removed to this Court.

## II. ARGUMENT & AUTHORITIES

### A. Consolidation of the Actions is Appropriate.

Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the same evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* Tex. R. Civ. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737–38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district."); *see also In re CaptureRx Data Breach Litig.*, No. 5:21-cv00523-OLG, Dkt. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating actions in data breach class action "to ensure consistent and efficient adjudications in this Court….").

9

As detailed in the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel (Dkt. 6), consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts to support the causes of action. Each Related Action involves common questions of law and fact, and all relevant factors weigh in favor of consolidation, which will promote efficiency and uniformity without prejudicing any party. The Court should therefore consolidate this case and all Related Actions with this first-filed case in *Jinks*.

**B.     The Court Should Appoint Interim Class Counsel and include the Proposed Additional Executive Committee Counsel**

In appropriate cases, courts may appoint an interim lead plaintiff structure to coordinate the initial prosecution of a litigation, pending certification of the proposed class. To fulfill this objective effectively, courts routinely appoint interim class counsel at early stages of the litigation prior to any determination of class certification. *Ramirez v. J.C. Penney Corp. Inc.*, No. 6:14-CV-601, 2014 WL 12713071, at *1 (E.D. Tex. Aug. 20, 2014) ("Courts may appoint an interim lead plaintiff structure to coordinate the initial prosecution of a litigation." (citing Fed. R. Civ. P. 23(g))); *see also, e.g.*, *In re Toyota Hybrid Brake Litig.*, No. 4:20-cv-00127-ALM (E.D. Tex. Apr. 13, 2020), ECF No. 19 (this Court appointing interim counsel after consolidation); *Murphy et al v. Toyota Motor Corporation, et al*, No. 4:21-cv-00178-ALM (E.D. Tex. Apr. 13, 2020), ECF No. 35 (this Court appointing interim counsel after consolidation); *In re Samsung Elecs. Am.*, *Inc. Blu-ray Class Action Litig.*, No. 2:08-cv-00663-JAG-MCA (D.N.J. Apr. 7, 2008), ECF No. 13 (appointing interim co-lead counsel on the same day motion to dismiss was filed); *In re LG Front Load Washing Mach. Class Action Litig.*, No. 2:08-cv-00051-FSH-MAS (D.N.J. May 27, 2008), ECF No. 35 (appointing interim lead and liaison counsel with an executive committee before the motion to dismiss was decided); *Lax v. Toyota Motor Corp.*, No. 14-cv-01490-WHO (N.D. Cal.

Aug. 14, 2014), ECF No. 53 (appointing interim class counsel on the same day the defendant's motion to transfer was denied).

Interim appointment is consistent with the many tasks counsel must perform on behalf of the proposed class prior to class certification, which may include the following:

1. presenting (to the court or defendants) the position of plaintiffs and the proposed class on matters arising during pretrial proceedings;

2. conducting all discovery and motion practice;

3. conducting settlement negotiations and, where appropriate, presenting a proposed settlement to the court on behalf of the proposed class;

4. delegating specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for plaintiffs and the proposed class is conducted efficiently and effectively;

5. entering into stipulations with opposing counsel;

6. preparing and distributing status reports to any other law firms that might seek to represent the proposed class;

7. maintaining adequate time and disbursement records covering services as interim class counsel;

8. monitoring the activities of any other law firms that might seek to represent the proposed class to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. performing any other duties that may be incidental to the proper prosecution and coordination of pretrial activities.

Federal Judicial Center, Manual for Complex Litigation §§ 10.221, 40.22 (4th ed. 2004); *Ramirez*, 2014 WL 12713071, at *1 (stating that appointing interim class counsel "clarif[ies] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement" (quoting Manual for Complex Litigation § 21.11)).

The appointment of interim class counsel clarifies the attorneys' roles and responsibilities, formally empowers them to act in the best interests of the proposed class, and assures defense counsel that they are dealing with the authorized representatives of the proposed class. *See generally id.* § 21.11 (instructing that "[b]efore ruling on class certification, a judge should address . . . [w]hether to appoint interim class counsel before class certification is decided"); *see also In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 559 (S.D. Ohio 2005) (explaining duties of interim counsel). Even where there is one pending action, appointment of interim class counsel will clarify who bears the responsibility for protecting the putative class's interests. *See, e.g.*, *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014) (appointing interim counsel despite pendency of only one class action brought by a single plaintiff). Appointment of interim class counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the class's potential detriment. *See* Samuel Issacharoff, *Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (1999) (discussing the danger of a "race to the bottom" situation).

As discussed below, Proposed Additional Executive Committee Counsel are highly qualified, will fairly and adequately represent Plaintiffs and members of the putative Class, and their appointment at this stage in the litigation is appropriate.

1. **Standards for Appointing Interim Class Counsel**

Under Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing interim class counsel, courts consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's

knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

2. **Proposed Additional Interim Co-Lead Class Counsel Have Significant Relevant Experience and Knowledge of the Applicable Law**

As courts evaluating the adequacy-of-representation requirement at the class certification stage have repeatedly held, a class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on the Class's behalf. *See, e.g.*, *Brazil v. Dole Packaged Foods, LLC*, No. 12-01831, 2014 WL 2466559, at *10 (N.D. Cal. May 30, 2014); *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 487 (N.D. Cal. 2011); *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1202 (N.D. Cal. 2007); *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 583, 594 (N.D. Cal. 2010); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously).

As demonstrated below, Proposed Additional Executive Committee Counsel has substantial data breach class action experience, resources, and knowledge that will benefit the putative class as this litigation proceeds. The qualifications and experience of Proposed Additional Executive Committee Counsel in federal and state courts and, specifically, in complex class actions are set forth in the accompanying firm resume and declarations. (*See* Declaration of Bruce W. Steckler ("Steckler Decl.") ¶¶ 2-7.; Declaration of Austin P. Smith ("Smith Decl.") ¶¶ 2-7).

Proposed Additional Executive Committee Counsel satisfies all the requirements for the Court's appointment under Fed. R. Civ. P. 23(g)(3). Bruce W. Steckler is the managing partner with Steckler Wayne & Love PLLC. Steckler Wayne & Love is a highly respected class action law firm with offices in Dallas, Sherman, and Henderson County. Mr. Steckler has served as a lead

counsel, liaison counsel, and/or a PSC member in a variety of complex litigation cases.[3] More specifically, Mr. Steckler has served as lead counsel, liaison counsel, and/or a PSC member in several complex data breach cases.[4] This experience should be invaluable in understanding the legal issues, discovery and evaluation required for trial or a settlement that protects the interests and needs of the proposed class. He also has tried several high-profile cases.

Steckler Wayne & Love has significant depth, experience, and resources in litigating complex consumer and other class action cases. The firm's attorneys specialize in prosecuting class action cases and presently serve as co-lead counsel in numerous class actions. Additionally, its attorneys have undertaken co-lead, executive, or steering committee roles in class action litigations throughout the United States that have resulted in significant class recoveries. (Steckler Decl. ¶¶ 3-6; Smith Decl. ¶ 4). Mr. Steckler is privileged to have the Honorable Judge Paul Stickney, retired Magistrate Judge for the Northern District of Texas, as a member of his firm. His firm also is privileged to have the support and experience of Austin Smith, a partner in his firm

---

[3] *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047; *In Re: Checking Account Overdraft Litigation*, MDL No. 2036; *In Re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, MDL 2428; *In Re: EasySaver Rewards Marketing and Sales Practices Litigation*, MDL 2161; *In Re: Ford Fusion & C-Max Fuel Economy Litigation*, Cause No. 13-MD-2450 (KMK) (S.D. N.Y.); *In Re: Toyota Hybrid Brake Litigation*, Cause No. 4:20-cv-00127-ALM (E.D. Tex.), and *Juliet Murphy, et al. vs. Toyota Motor Corporation, et al.*, Cause No. 4:21-cv-00178-ALM (E.D. Tex.). *Wilson, et al. v. FCA US LLC*, Case No. 4:22-cv-00447 (E.D. Tex.)

[4] *Kostka v. Dickey's Barbecue Rests.*, 3:21-cv-00137-K (N.D. Tex. Oct. 14, 2022); *Jennifer Cabezas v. Mr. Cooper Group, Inc., et al.*, Cause No. 3:23-cv-02453-N (N.D. Tex.); *In Re: Tenet Healthcare Corporation Data Breach Litigation*, Cause No. DC-22-07513 (193rd District Court, Dallas County, Texas); *Efstathios Maroulis, et al. vs. Cooper Clinic, et al.*, Cause No. DC-24-00843 (44th District Court, Dallas County, Texas); *Essie Jones v. ESO Solutions, Inc.*, Cause No. 1:23-cv-01557-RP (W.D. Tex.); *Serena DelaGarza, et al. vs. El Cento Del Barrio d/b/a CentroMed*, Cause No. 24-cv-00613-OLG (W.D. Tex.); *Efstathios Maroulis v. Christie's Inc.*, Cause No. 1:24-cv-04221 (S.D. N.Y.), *Stephanie Luther, et al. vs. Columbus Regional Healthcare System*, Cause No. 24 CV 88 (Superior Court for Columbus County, North Carolina); *Nicholas Gorman, et al. vs. Ethos Group, Inc.,* Case No. 3:22-cv-02573-M (N.D. Tex.); *In Re: Evolve Bank & Trust Data Breach Litigation*, MDL 3127; *Nicholas McHenry vs. Frontier Communications Parent, Inc.*, Cause No. 3:24-cv-01788-B (N.D. Tex.) *Jason Powers, et al. vs. Eastern Radiologists, Inc.* Cause No. 24 CVS 772 (Superior Court for Pitt County, North Carolina); *Ida Patterson, et al. vs. DPP II LLC, et al.*, Cause No. DC-23-01733 (14th District Court, Dallas County, Texas); *Jeramey Cabrera, et al. vs. Longhorn Imaging Center, LLC*, Cause No. D-1-GN-23-007311 (353rd Judicial District Court, Travis County, Texas); *In Re: medQ, Inc. Data Breach Litigation*, Case No. 4:24-cv-00176 (E.D. Tex.); *Faye McMillen vs. SysInformation Healthcare Services, LLC d/b/a EqualizeRCM*, Cause No. 1:24-cv-00819 (W.D. Tex.); *Arturo Bruno vs. Robert Donohoe, as Trustee of the Texas Medical Liability Trust*, Cause No. 1:23-cv-01183-DAE (W.D. Tex); and *David Harrell v. WebTPA Employer Services, LLC*, Cause No. 3:24-cv-01158-L (N.D. Tex).

who clerked in the Eastern District of Texas and currently manages the Sherman office. Steckler Wayne & Love has extensive experience handling cases in this District, including data breach cases, and is fortunate to have the necessary resources to fund this litigation without reliance on outside resources.

Mr. Steckler is experienced in the types of claims asserted in this action and knowledgeable of the applicable law and local rules of this Court. In addition to *Murphy et al v. Toyota Motor Corporation, et al*, litigated before this Court, he is currently litigating the following cases in the Eastern District of Texas, Sherman Division: *Burkett v. General Motors*, Cause No. 4:25-cv-00584-MJT (E.D. Texas) (alleged safety defect in tens of thousands of Chevrolet, GMC, and Cadillac SUV's and Trucks manufactured by GM that utilize keyless entry to lock, unlock, and/or start the vehicle, all of which have a hackable key fob system); *see also Wilson et al. v. FCA US LLC*, No. 4:22-cv-00447-ALM (E.D. Tex. July 15, 2024) (this Court Steckler Wayne & Love PLLC as Class Counsel for settlement).

Steckler Wayne & Love has significant depth, experience, and resources in litigating complex consumer and other class action cases. Steckler Wayne & Love is among the most experienced and successful class action firms in the nation in litigating class and mass actions, with vast experience in nationwide prosecution of matters involving, among others, data breach, consumer, FCA/*qui tam*, securities fraud, privacy, technology, insurance, healthcare, and antitrust claims. The firm's lawyers have combined almost 100 years of experience trying over seventy-five cases to juries, judges, and arbitrators (and preparing hundreds more that settled) on behalf of both plaintiffs and defendants. (Steckler Decl. ¶ 2; Smith Decl. ¶ 2)

Steckler Wayne & Love includes members listed in the *D Magazine* Best Lawyers in Dallas, Top 100 Trial Lawyers, AV Preeminent Martindale Hubbell, and Texas Super Lawyers.

(Steckler Decl. ¶ 3, Ex. 1; Smith Decl., Ex. 1). Steckler Wayne & Love has done a number of noteworthy class action and mass action cases resulting in massive recoveries, as set forth in the accompanying Declarations of Bruce Steckler and Austin Smith. (Steckler Decl. ¶¶ 3-6; Smith Decl. ¶ 4).

Proposed Additional Executive Committee Counsel possess the necessary resources to prosecute this litigation, has the support of the Plaintiffs from each of the cases on file, is working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Additional Executive Committee Counsel has the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of all Plaintiffs and their counsel from the Related Actions, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiff's motion.

Proposed Additional Executive Committee Counsel's work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

3. **Proposed Interim Co-Lead Class Counsel and Executive Committee in the *Jicks* Case Members are Exceptionally Well Qualified Firms that Provide Significant Depth and Value to the Plaintiff Team**

As detailed in the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel (Dkt. 6), the Proposed Interim Class Counsel with the appointment of Mark Lanier of the Lanier Law Firm, Jeff Ostrow of Kopelowitz Ostrow P.A., and Gary Klinger of Milberg PLLC as Interim Co-Lead Class Counsel, and Joe Kendall of Kendall Law Group, PLLC as liaison counsel in *Jinks*

*v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM (Dkt. 6) also satisfy all the requirements for the Court's appointment under Fed. R. Civ. P. 23(g)(3).

Similarly, the proposed Executive Committee consisting of Raina Borrelli of Strauss Borrelli PLLC, Jonathan Mann of Pittman, Dutton, Hellmus, Bradley & Mann, P.C., Tom Loeser of Cotchett, Pitre & McCarthy, LLP, Paul Doolittle of Poulin Willey Anastopoulo LLC, Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Andrew Shamis of Shamis & Gentile P.A., Israel David of Israel David LLC, Mark Reich of Levi & Korsinsky, LLP, Jean Martin of Morgan & Morgan, and Shauna Itri of Seeger Weiss LLP, also have significant depth, experience, and resources in litigating complex consumer and other class action cases.

The facts alleged by Plaintiffs in this case and the Related Actions are egregious in terms of the impact to individual victims of the Data Breach. Given the scope of the Data Breach and the number of victims potentially affected, Proposed Interim Class Counsel and Executive Committee, including Proposed Additional Executive Committee Counsel, worked to quickly organize and avoid any delay that could result from a leadership dispute to address the merits of the case as expeditiously as possible. Moreover, in the spirit of their prior and positive working relationship, assignments to Plaintiffs' counsel have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Plaintiffs' counsel will continue to operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Additional Executive Committee Counsel will work to establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. *See e.g.*, *In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015) (noting that the establishment of a

"reasonable, fair, and transparent" billing protocol is an important factor in selecting interim class counsel).

Proposed Interim Class Counsel and Executive Committee with the addition of Proposed Additional Executive Committee Counsel is organized, unified, and committed to working together with Plaintiffs' counsel for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation).

> 4. **Proposed Additional Executive Committee Counsel Have Committed, and Will Continue to Commit, Significant Time and Resource to Litigate this Action**

The resources that Proposed Additional Executive Committee Counsel has already committed and will continue to commit to the case also strongly supports the appointment of Proposed Additional Executive Committee Counsel. As demonstrated above, Proposed Additional Executive Committee Counsel and his firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Additional Executive Committee Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

### III. CONCLUSION

For these reasons, Plaintiff request the Court consolidate this case with the Related Actions into the first-filed action *Jinks v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM for all purposes, allow Plaintiff Lester to join the *Jinks'* Motion to Consolidate and Appointment of Interim Class Counsel (Dkt. 6), and appoint Bruce W. Steckler and Austin P.

Smith of Steckler Wayne & Love PLLC to the Executive Committee with the appointment of Mark Lanier of the Lanier Law Firm, Jeff Ostrow of Kopelowitz Ostrow P.A., and Gary Klinger of Milberg PLLC as Interim Co-Lead Class Counsel, and Joe Kendall of Kendall Law Group, PLLC as liaison counsel as well as an Executive Committee consisting of Raina Borrelli of Strauss Borrelli PLLC, Jonathan Mann of Pittman, Dutton, Hellmus, Bradley & Mann, P.C., Tom Loeser of Cotchett, Pitre & McCarthy, LLP, Paul Doolittle of Poulin Willey Anastopoulo LLC, Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Andrew Shamis of Shamis & Gentile P.A., Israel David of Israel David LLC, Mark Reich of Levi & Korsinsky, LLP, Jean Martin of Morgan & Morgan, and Shauna Itri of Seeger Weiss LLP. *Jinks v. Marquis Software Solutions, Inc.*, Case Number 4:25-cv-01277-ALM (Dkt. 6). For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order appointing interim class counsel in the manner proposed by this motion.

Dated: January 13, 2026.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Bruce W. Steckler*
　　　　　　　　　　　　　　　　　　　　　Bruce W. Steckler
　　　　　　　　　　　　　　　　　　　　　Austin P. Smith
　　　　　　　　　　　　　　　　　　　　　Paul D. Stickney
　　　　　　　　　　　　　　　　　　　　　**STECKLER WAYNE & LOVE PLLC**
　　　　　　　　　　　　　　　　　　　　　12720 Hillcrest Road, Suite 1045
　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75230
　　　　　　　　　　　　　　　　　　　　　Telephone: (972) 387-4040
　　　　　　　　　　　　　　　　　　　　　Facsimile: (972) 387-4041
　　　　　　　　　　　　　　　　　　　　　bruce@stecklerlaw.com
　　　　　　　　　　　　　　　　　　　　　austin@stecklerlaw.com
　　　　　　　　　　　　　　　　　　　　　judgestick@gmail.com

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF SALLEY LESTER, INDIVIDUALLY AND ON BEHALF OF THE PROPOSED CLASS**

**CERTIFICATE OF SERVICE**

This is to certify that on January 13, 2026, a true and correct copy of the above and foregoing was electronically filed using the CM/ECF system, which will send notification of this filing to all counsel of record who are registered to receive such notifications.

>  */s/ Bruce W. Steckler*
>  Bruce W. Steckler

**CERTIFICATE OF CONFERENCE**

Pursuant to Eastern District of Texas Local Rule CV-7(h) and (i), Plaintiff Lester's counsel Bruce W. Steckler of Steckler Wayne & Love PLLC met and conferred with Plaintiffs Michelle Jinks, Christopher Raucci, Larry Domenichello, Daniel Hart, David Robinson Sr., Joshua Geoffrey, Tracy Cusick, Jessica Boutot, Michaela Brown, Lawrence Spohrleder, William Anderson, Christina Anstett, Leah Erban, and Nellie Raymond's counsel regarding the subject matter of this motion and they do not oppose the requested appointment of Interim Class Counsel, pursuant to Federal Rule of Civil Procedure 23(g) as described in the Motion.

>  */s/ Bruce W. Steckler*
>  Bruce W. Steckler